IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NKEM ZOS, *et al.,* | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. 8:23-cv-00025-PX |
| THE NATIONAL ASSOCIATION OF POWER ENGINEERS EDUCATIONAL FOUNDATION, INC., | * | |
| | * | |
| Defendant. | * | |

\*\*\*

## MEMORANDUM OPINION

Pending in this premises liability action is Defendant's motion to dismiss Counts II, III, and V through VIII of Plaintiffs' Complaint. ECF No. 8. Plaintiff has not responded to the motion and the time to do so has passed. No hearing is necessary. *See* D. Md. Loc. R. 105.6. For the following reasons, the Court GRANTS in part and DENIES in part Defendant's motion.

**I.      Background**[1]

Plaintiff Nkem Zos is a licensed Maryland nurse practitioner who owns and operates Plaintiff Unique Health Clinic, LLC ("Unique Health"). ECF No. 3 ¶ 7. Between 2018 and 2021, Plaintiffs leased office space at 7217 Hanover Parkway in Greenbelt, Maryland. *Id.* ¶¶ 5–6. In July 2021, the Defendant, National Association of Power Engineers Educational Foundation, Inc. ("NAPEEF"), bought the building and became Plaintiffs' new landlord. *Id.* ¶ 6. NAPEEF extended Plaintiff's lease to July 31, 2022. *Id.* ¶ 8.

Just over a month before the lease was set to expire, Zos arrived at her office to find the locks on the door changed and her business sign removed. *Id.* ¶¶ 11-12. Because Zos could not

---

[1] The Court construes the averred facts in the light most favorable to Plaintiffs. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

get into her office and was unable to reach anyone at NAPEEF, she had to cancel all client appointments for the day. *Id.* ¶¶ 11–14. Zos filed a report with the police about the incident. *Id.* ¶ 19. An NAPEEF representative, David Dargenzio, also spoke with the police, explaining that the company erroneously thought Plaintiffs were behind on rent. *Id.* ¶ 20. The next day, on June 29, 2022, Dargenzio emailed Zos and apologized for the mistake, arranging for Zos to retrieve a new key to the premises. *Id.* ¶ 46.

Once inside the office, however, Zos found the office had been tossed. Magazines had been strewn about, patient records were left unsecured, and antique furniture was gone. *Id.* ¶¶ 16–18. NAPEEF also had removed the humidifier, and the resulting dampness brought about mold and a foul smell. *Id.* ¶¶ 16, 22, 58. The moldy conditions caused Plaintiffs to lose some patients and to reschedule others for virtual appointments, as it became impossible to see patients on the premises. *Id.* ¶¶ 22, 34–35.

Meanwhile, after learning about Plaintiffs' police report, Dargenzio told Zos in an email that Plaintiffs should vacate "immediately." *Id.* ¶ 21. Dargenzio also informed Zos that he was "appalled" that Zos had called the police and that NAPEEF would be more than doubling Plaintiffs' rent. *Id.* ¶¶ 38–39. Just under a month later, Dargenzio gave Plaintiffs two weeks to vacate the premises. *Id.* ¶¶ 10, 40.

On October 11, 2022, Plaintiffs filed an eight-count complaint against NAPEEF in Prince George's County Circuit Court, alleging common law breach of contract (Count I), wrongful eviction (Count II), retaliatory eviction (Count III), negligence (Count IV), tortious interference with business (Count V), reckless infliction of emotional distress (Count VI), destruction of property (Count VII), and punitive damages (Count VIII). *Id.* NAPEEF timely removed the action and moved for partial dismissal of all claims save for breach of contract and negligence.

ECF Nos. 1 & 8.  The motion is unopposed, and for the following reasons, will be granted in part and denied in part.

II.     **Standard of Review**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).  The Court accepts "the well-pled allegations of the complaint as true," and construes all facts and reasonable inferences most favorably to the plaintiff.  *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).  To survive a motion to dismiss, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  The Court must be able to deduce "more than the mere possibility of misconduct"; the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief.  *See Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015) (quoting *Iqbal*, 556 U.S. at 679), *aff'd in relevant part*, 659 F. App'x 744 (4th Cir. 2016).

With this standard in mind, the Court discusses the legal sufficiency of each count.

III.    **Analysis**

Turning to Count II, a wrongful eviction occurs when the movant is dispossessed from leased premises improperly.  *See BTR Hampstead, LLC v. Source Interlink Distrib., LLC*, 194 Md. App. 538, 556 (2010).  Dispossession can be actual or constructive.  *Id.* at 555–60.  To state a claim for constructive eviction, a plaintiff must allege that the landlord intentionally and substantially interfered with the tenant's beneficial use and enjoyment of the property, and that the landlord's interference with the tenant's use and enjoyment "result[ed] in the tenant vacating the premises" within a reasonable time.  *Stevan v. Brown*, 54 Md. App. 235, 240–41 (1983).

When reading the Complaint facts most favorably to Plaintiffs, NAPEEF's unjustified lockout, combined with the destruction of Plaintiffs' property, substantially interfered with Plaintiffs' use of the premises. In particular, by taking Plaintiffs' humidifier and causing moldy conditions to develop in the office, NAPEEF made it impossible for Plaintiffs to see patients safely—thereby depriving Plaintiffs of their intended use of the property. *See Addi v. Corvias Mgmt.-Army, LLC*, No. ELH-19-3253, 2020 WL 5076170, at *45 (D. Md. Aug. 27, 2020) (finding that Plaintiffs stated a claim for constructive eviction due to the development of mold). Moreover, although Plaintiffs did not fully vacate the premises until being given two weeks' notice to leave in September, the Complaint at least makes plausible, at this early stage, that Plaintiffs vacated within a reasonable time because of NAPEEF's damage to the offices. *Cf. Stevan*, 54 Md. App. at 241 (concluding that the "reasonableness of [plaintiffs'] delay" in abandoning the premises "is usually a question of fact, not law," that should be decided by a jury). The motion is thus denied as to Count II.

Next as to Count III, the retaliatory eviction claim fails as a matter of law because no cause of action exists for retaliatory eviction involving *commercial* leases in Maryland. Although a *residential* tenant may bring a statutory retaliatory eviction claim if a landlord raises rent in response to a tenant's complaints, the Maryland statute providing such a cause of action plainly applies only to residential leases. *See* Md. Code Ann., Real Prop. §§ 8-201, 8-208.1; *Lockett v. Blue Ocean Bristol, LLC*, 446 Md. 397, 419 (2016). The lease here is indisputably commercial. ECF No. 3 ¶ 7. Plaintiffs provide no support for any companion common law or statutory claim, and the Court found none. Thus, the Court will dismiss this claim.

As for the tortious interference with business relations claim (Count V), Plaintiffs must make plausible that NAPEEF committed intentional and willful acts that were unlawfully

intended to cause, and did in fact cause, damage and loss to Plaintiffs' business. *Kaser v. Fin. Prot. Mktg., Inc.*, 376 Md. 621, 628–29 (2003).  NAPEEF's conduct must be independently "improper or wrongful" and be committed with "tortious intent." *Macklin v. Robert Logan Assocs.*, 334 Md. 287, 301 (1994).  Such wrongful conduct includes "common law torts and violence or intimidation, defamation, injurious falsehood or other fraud, violation of criminal law, and the institution or threat of groundless civil suits or criminal prosecutions in bad faith." *Alexander & Alexander Inc. v. B. Dixon Evander & Assocs., Inc.*, 336 Md. 635, 657 (1994) (citing *K&K Mgmt. v. Lee*, 316 Md. 137, 166 (1989)) (internal quotation marks omitted).  "In addition, 'actual malice,' in the sense of ill will, hatred or spite, may be sufficient to make an act of interference wrongful where the defendant's malice is the primary factor that motivates the interference." *Id.*; *see also Press v. United States*, No. JKB-17-1667, 2018 WL 1211537, at *8 (D. Md. Mar. 8, 2018) (concluding that an act committed with malice need not be "itself a tort" to constitute "improper or wrongful conduct").

When viewing the Complaint as true and most favorably to Plaintiffs, it is plausible that NAPEEF committed wrongful acts intended to damage Plaintiffs' healthcare business.  In removing Plaintiffs' business sign, trashing the office space, and taking property such as the humidifier and desk, NAPEEF plausibly intended not merely to force Plaintiffs to vacate, but also to disrupt Plaintiffs' business.  ECF No. 3 ¶¶ 12–18.  Indeed, Plaintiffs did lose several patients and the ability to conduct in-person appointments due to the moldy conditions that developed on the premises.  *Id.* ¶¶ 34, 51.  And at this early stage, the Court can plausibly infer that these actions—combined with NAPEEF's demands to vacate and threats of rent increases in response to Plaintiffs' police report—constitute the kind of "actual malice" or "intimidation" necessary to sustain a tortious interference claim.  *Id.* ¶¶ 21, 37–40; *cf. US Wind Inc. v.*

5

*InterMoor, Inc.*, No. SAG-19-2984, 2022 WL 16923872, at *20 (D. Md. Nov. 14, 2022) (finding that defendant's stated intent to hold plaintiff's property "hostage," even if it had a legal right to seize the property, plausibly demonstrates actual malice). The motion is denied as to Count V.

Next as to the intentional infliction of emotional distress claim (Count VI), this cause of action is reserved for only the most "extreme and outrageous conduct" that intentionally or recklessly causes severe emotional distress. *Harris v. Jones*, 281 Md. 560, 566 (1977). Conduct is considered "extreme and outrageous" when it exceeds "all possible bounds of decency," and is otherwise "utterly intolerable in a civilized community." *Id.* at 567 (quoting Restatement (Second) of Torts § 46 cmt. d (Am. L. Inst. 1965)). This is not that claim. At worst, NAPEEF caused Plaintiffs inconvenience for a day, and consequential damages to their personal property and business relations. But nothing in the complaint makes plausible that NAPEEF exceeded all bounds of decency such that "no reasonable [person] could be expected to endure it." *Id.* at 281. The claim is dismissed.

The remaining challenged counts, "destruction of property" (Count VII) and "punitive damages" (Count VIII), fail because neither are recognized causes of action in Maryland law. *See Sterling v. Ourisman Chevrolet of Bowie Inc.*, 943 F. Supp. 2d 577, 597 (D. Md. 2013); *Shenk v. Humane Soc'y of Carroll Cnty., Inc.*, No. ELH-20-443, 2022 WL 252955, at *13 (D. Md. Jan. 27, 2022); *Biggs v. Eaglewood Mortg., LLC*, 582 F. Supp. 2d 707, 711 n. 5 (D. Md. 2008). They are dismissed.

Lastly, the Court must decide whether to dismiss the claims with or without prejudice. *See Weigel v. Maryland*, 950 F. Supp. 2d 811, 825–26 (D. Md. 2013) (citing *180s, Inc. v. Gordini U.S.A., Inc.*, 602 F. Supp. 2d 635, 638–39 (D. Md. 2009)). Generally, when a plaintiff has not been afforded an opportunity to amend the complaint, dismissal should be without

prejudice. *Cosner v. Dodt*, 526 F. App'x 252, 253 (4th Cir. 2013). However, where the claims suffer from legal defects that make the claims truly unamendable, dismissal with prejudice is warranted. *See Cozzarelli v. Inspire Pharms. Inc.*, 549 F.3d 618, 630 (4th Cir. 2008).

Because no cause of action exists for retaliatory eviction as to commercial leases, nor for destruction of property or punitive damages, amendment of these three claims would be futile and thus they must be dismissed with prejudice. Moreover, because the Court cannot envision any additional facts that would salvage Plaintiffs' IIED claim, that claim is also dismissed with prejudice.

### IV. Conclusion

For the foregoing reasons, the Court DENIES the motion to dismiss as to Counts II and V, and GRANTS the motion to dismiss as to Counts III, VI, VII and VIII, which are dismissed with prejudice. A separate Order follows.

6/22/2023
Date

/S/
Paula Xinis
United States District Judge